IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| **MICHAEL W. OWENS, SR.,** | : | Bankruptcy No. 04-22875 BM |
| | : | |
| **Debtor** | : | Chapter 7 |
| ****************************** | | |
| **MICHAEL W. OWENS, SR.,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | Adversary No. 06-2694 BM |
| | : | |
| **UNITED STATES OF AMERICA,** | : | Complaint To Avoid Tax Lien |
| **INTERNAL REVENUE SERVICE,** | : | |
| | : | |
| **Defendant** | : | |

Appearances:   Donald M. Hahn, Esquire, for Plaintiff/Debtor
Brittney N. Campbell, Esquire, for Defendant

## MEMORANDUM OPINION

Debtor Michael Owens has brought this adversary action to avoid federal tax liens of the United States Internal Revenue Service (IRS) against his exempted interest in the marital residence, which he owns with his non-debtor spouse as a tenant by the entirety. Debtor asserts that the tax liens constitute unauthorized post-petition transfers of property of the bankruptcy estate and consequently may be avoided in accordance with § 549(a) of the Bankruptcy Code. Alternatively, he asserts that the filing of the notices of federal tax liens violated 11 U.S.C. § 362(a)(4) or (5) and therefore are void.

IRS has asserted various responses to debtor's claims. It asserts that debtor lacks standing to bring a § 549(a) action. In addition, it asserts that debtor cannot prevail on the merits of his § 549(a) action because the transfers that occurred were not transfers of property of the bankruptcy estate when the transfers were made. Finally, IRS denies that the automatic stay was still in effect when it filed the notices of tax liens.

We conclude that debtor may avoid in accordance with § 549(a) several post-petition transfers of property of the bankruptcy estate totaling $14.766.52, but may not avoid the remaining transfers that occurred in connection with the federal tax liens. We further conclude that the filing of the notices of federal tax liens did not violate § 362(a)(4) or (5) because the automatic stay was no longer in effect with respect to debtor's interest in the marital residence when the notices were filed.

## FACTS

Debtor commenced a chapter 13 case on March 5, 2004, which was converted to a chapter 7 proceeding on November 23, 2004. Upon its conversion, the case was assigned to this member of the court and a chapter 7 trustee was appointed.

The schedules accompanying the petition identified assets with a total declared value of $431,618.00 and liabilities totaling $375,993.12. Included among the listed assets was debtor's interest in the marital residence, which he owns with his wife as tenants by the entirety. She is not a debtor in this or any other bankruptcy case.

The above residence had a declared value of $175,000.00 and was subject to a mortgage in the amount of $75,000.00. Debtor claimed an exemption in the residence in the amount of $88,000.00 pursuant to § 522(b)(2) of the Bankruptcy Code.[1]

IRS was listed on the schedules as having an undisputed unsecured priority claim in the amount of $55,311.37 for "employee income tax." Debtor did business as Michael W. Owens and Son and incurred this liability in connection with the business.

The § 341 meeting of creditors was held and concluded on February 14, 2005.

Debtor received a discharge of his debts on April 19, 2005.

Nearly two years after debtor's bankruptcy case commenced and some nine months after he received a discharge, IRS filed several notices of federal tax liens with the prothonotary of the county in which debtor resided. On January 13, 2006, it filed a notice of federal tax lien in the amount of $1,081.88. It filed two additional notices of federal tax liens on February 13, 2006, one in the amount of $96,014.91 and the other in the amount of $1,640.21. Debtor, but not his non-debtor wife, was identified as the taxpayer in all three notices.

---

[1.] The Bankruptcy was amended after debtor filed his bankruptcy petition. Subsection 522(b)(2) has become § 522(b)(3).

Debtor commenced this adversary action seeking to avoid the above tax liens to the extent that they encumber the marital residence.[2] According to debtor, the federal tax liens constituted post-petition transfers of property of the bankruptcy estate and therefore may be avoided under § 549(a). He also claims that the filing of the notices of federal liens was in violation of the automatic stay.

The matter has been heard and is now ready for decision.

## ANALYSIS

### *§ 549(a)*

Subsection 549(a) of the Bankruptcy Code provides in relevant part as follows:

> (a) ...[T]he trustee may avoid a transfer of property of the estate:
> (1) that occurs after the commencement of the case; and
> ....
> (2)(B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a).

This provision speaks only of the *trustee* bringing such an action. It does not follow from this, however, that only a trustee may do so. A chapter 11 debtor-in-possession "stands in the shoes" of the trustee in this regard by virtue of §1107 (a) of the Bankruptcy Code and undoubtedly may bring an action of this sort.

---

[2.] Debtor listed on the schedules various assets in addition to the residence in which he has taken exemptions, some of which he owns with his wife as tenants by the entirety. In the complaint, however, debtor refers only to the residence and says nothing about the other exempted assets. We infer from this that debtor does not seek in this adversary action to avoid the federal tax liens to the extent that they encumber the other assets and accordingly will limit our analysis to the marital residence. Debtor appears content to disregard the other exempted assets.

Subsection 1107(a), however, applies only in chapter 11 cases. 11 U.S.C. § 103(g). If a chapter 7 debtor has the power to bring a § 549(a) action, it must be by some other means.

### (1) *Does A Chapter 7 Debtor Have Standing To Bring A § 549(a) Action?*

As authority for the proposition that debtor in this case lacks standing to bring this § 549(a) action, IRS relies on *Lilly v. FDIC (Matter of Natchez Corporation of West Virginia)*, 953 F.2d 184, 187 (5th Cir. 1992), which in turn relies on *City of Farmers Branch v. Pointer (Matter of Pointer)*, 952 F.2d 82, 88 (5th Cir.), *cert denied*, 505 U.S. 1222, 112 S.Ct. 3035, 120 L.Ed.2d 904 (1992). Debtor's reliance on these cases is misguided.

To begin with, the present case is distinguishable from these cases in a critical respect. The issue presented in these cases was whether a *creditor* had standing to bring an avoidance action. The issue presented in the present matter is whether a *chapter 7 debtor* has standing to do so.

Not only are these cases not "on all fours" with the present case, they also do not categorically hold that a creditor lacks standing to bring such an action. The court stated in *Matter of Natchez Corporation*, for instance, that a creditor was not "foreclosed" from bringing such an action and could do so if it requested authorization from the bankruptcy court and showed "appropriate circumstances which would permit such action." 952 F.2d at 88-89.

The answer to the question whether a chapter 7 debtor may bring a § 549(a) action when the chapter 7 trustee does not is not as straightforward as IRS would have one believe.

As far as we can determine, the United States Court of Appeals for the Third Circuit has not addressed this precise issue. It has held, however, that a chapter 13 debtor (as opposed to a chapter 7 debtor) "may stand in the position of a trustee" by virtue of § 522(h) of the Bankruptcy Code and may "claim certain protections that trustees are empowered to assert." *City of Philadelphia Water Revenue Bureau v. McLean*, 891 F.2d 474, 476 (3d Cir 1989). The statutory provision at issue in *McLean* was § 544(a)(3), one of the trustee's "strong-arm powers." As does § 549(a) this latter provision speaks only of a trustee having power to avoid certain types of liens.

The upshot of *McLean* is that a chapter 13 debtor may, in certain situations, utilize § 522(h) to assert avoidance actions. But what about a chapter 7 debtor?

Other circuit courts of appeal have expressly held that a chapter 7 debtor may utilize § 522(g) and (h) to avoid certain transfers of exempt property when the chapter 7 trustee has not sought to do so. A leading case on this point is *DeMarah v. U.S. (In re DeMarah)*, 62 F.3d 1248, 1250 (9th Cir. 1995). Courts from other circuits have adopted this holding. See *Realty Portfolio, Inc. v. Hamilton (Matter of Hamilton)*, 125 F.3d 292, 297 (5th Cir. 1997); *LaBarge v. Benda (In re Merrifield)*,

214 B.R. 362, 365 (8th Cir. BAP 1997). This list is only illustrative of the cases that have followed *In re DeMarah*.

We regard *DeMarah* as well-reasoned and believe that the Third Circuit would so conclude if the question were before it. We therefore conclude that a chapter 7 debtor has standing to bring a § 549(a) action in accordance with § 522(g) and (h) if certain conditions are met.

In spite of failing to say so explicitly, debtor in this case is relying on § 522 (g) and (h) to bring a § 549(a) action to avoid the transfers that occurred in connection with the above federal tax liens.

Subsections (g) and (h) of § 522 provide in relevant as follows:

> (g) ...[T]he debtor may exempt under subsection (b) of this section property of the debtor that the trustee recovers under section 550 [or] 551 ... of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if –
>     (1)(A) such transfer was not a voluntary transfer of such property; and
>     (B) the debtor did not conceal such property ....
> (h) The debtor may avoid a transfer of property of the debtor ... to the extent that the debtor could have exempted the property under subsection (g)(1) of this section if the trustee had avoided such transfer, if –
>     (1) such transfer is avoidable by the trustee under section ... 549 of this title ...; and
>     (2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 549(a).

To put it mildly, these provisions are convoluted and difficult to deconstruct.

- 7 -

Debtor in this case must satisfy the following requirements to prevail and thus avoid the above federal tax liens: (1) debtor did not voluntarily transfer the property; (2) debtor did not conceal the property; (3) the trustee did not attempt to avoid the transfers; (4) debtor seeks to exercise one of the specified avoidance powers with which the trustee in principle would be able to avoid the transfers; and (5) the transferred property is "of a kind" debtor would be able to exempt had the trustee avoided the transfers. *In re De*Marah, 62 F.3d at 1250.

Requirements (1), (2), and (3) are satisfied in this case. A transfer of debtor's property, which was not voluntary on debtor's part, occurred in connection when the tax liens attached. Debtor did not attempt to conceal his interest in the marital residence; he listed it as an asset on the bankruptcy schedules. The chapter 7 trustee did not bring action to avoid the transfers pursuant to § 549(a) or any other provision found in § 522(h)(1).

What about requirement (4)? Would the chapter 7 trustee have succeeded in avoiding the federal tax liens had she brought a § 549(a) action against IRS? With the exception of a handful of transfers, the chapter 7 trustee would not have prevailed under § 549(a).

A trustee (or in this case debtor) must prove the following to prevail against IRS under § 549(a): (1) a transfer occurred; (2) what was transferred was property of the bankruptcy estate when it occurred; (3) the transfer occurred after the bankruptcy case had commenced; and (4) the transfer was not authorized by the Bankruptcy Code or the bankruptcy court.

- 8 -

Requirements (1) and (4) of § 549(a) are satisfied here. Transfers of property occurred in connection with the federal tax liens which neither the Bankruptcy Code nor this court authorized. As for requirements (2) and (3) of § 549 (a), the evidence establishes that, with the exception of a few transfers, the transfers in question did not involve property of the bankruptcy estate when they occurred and did not occur after the bankruptcy commenced. The reasons why requirements (2) and (3) of § 549(a) are not satisfied are interconnected.

### *(2) Are Requirements (2) and (3) of § 549(a) Satisfied?*

IRS asserts, without providing any elaboration, that what was transferred when the tax liens arose was not property of the bankruptcy estate because the tax liens were filed against debtor. Because it has not provided any elaboration of this assertion, we will have to determine on our own whether requirements (2) and (3) are satisfied here.

Subsection 541(a) of the Bankruptcy Code provides in part as follows:

> The commencement of a case under section 301 .. of this title creates an estate. Such estate is comprised of the following property, wherever located and by whomever held;
> (1) ... [A]ll legal or equitable interests of the debtor in property as of the commencement of the case....

11 U.S.C. § 541(a)(1).

Debtor commenced this bankruptcy by filing a voluntary petition on March 5, 2004. The bankruptcy estate was created at that time. *Westmoreland Human Opportunities, Inc. v. Walsh, (In re Life Service Systems, Inc.)*, 246 F.3d 233, 241 (3d Cir 2000).

All of debtor's interests in property, including his interest in the marital residence which he owned with his wife as tenants by the entirety, became property of the estate at that moment. Subsection 541(a)(1) is "broad enough" to include such an interest as part of the bankruptcy estate. *Napotnik v. Equibank and Parkvale Savings Association*, 679 F.2d 316, 318 (3d Cir 1982). This does not mean, however, that all of debtor's property interests remained property of the bankruptcy estate for the duration of the bankruptcy case.

A debtor may prevent certain property from being distributed to creditors by claiming it as exempt. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642, 112 S.Ct. 1644, 1647, 118 L.Ed.2d (1992). If neither the trustee nor a party in interest objects to the claimed exemption during the thirty-day period following the § 341 meeting or the filing of an amended exemption, the exemption is allowed. *Id.*, 503 U.S. at 634, 112 S.Ct. at 1648.

Once the exemption is allowed, the property interest ceases being property of the bankruptcy estate. *Taylor v. Freeland & Kronz*, 938 F.2d 420, 423 (3d Cir 1991), *aff'd*, 503 U.S. 638, 111 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

The § 341 meeting in this case took place on February 14, 2005. When neither the chapter 7 trustee nor any party in interest objected to debtor's exemption within the thirty-day period following February 14, 2005, the exemption ceased being property of the bankruptcy estate on March 16, 2005, the thirty-first day. At that time debtor's property interest in the marital residence reverted to its pre-petition status as property of the debtor.

The above federal tax liens attached to all of debtor's property interests, including the marital residence which he owned with his non-debtor wife as tenants by the entirety, even though she was not liable along with debtor for the unpaid taxes that gave rise to the tax liens. *Popky v. U.S.*, 419 F.3d 242, 244 (3d Cir 2005).

IRS filed the notices of federal tax liens pursuant to §§ 6321, 6322 and 6333 of the Internal Code.

Section 6321 provides as follows:

> If any person liable to pay taxes neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.

The phrase "upon all property and rights to property" is expansive in this context. It "reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *U.S. v. National Bank of Commerce*, 472 U.S. 713, 719-20, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985).

A critical issue in determining whether requirement (2) of § 549(a) was satisfied is whether the federal tax liens attached to property of debtor or to property of the bankruptcy estate at the time they attached.

Section 6322 of the Internal Revenue Code provides in relevant part as follows:

> ...[T]he lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability so assessed is satisfied.

26 U.S.C. § 6321.

-11-

The clear and unambiguous language of § 6322 provides that a tax lien, and hence resulting transfer, arises *at the time of the assessment*. It attaches to every property interest the taxpayer has at that time as well as to any interest in property the taxpayer might acquire in the future. *Matter of DeAngelis*, 373 F.2d 755, 757 (3d Cir 1967).

IRS filed one notice of federal tax lien on January 13, 2006, and filed two additional notices on February 13, 2006. All three notices were filed nearly two years after debtor filed his voluntary bankruptcy petition on March 5, 2004. These are the filings about which debtor complains and which lie at the core of this adversary action. The date on which the notices were filed is not dispositive in deciding the outcome of debtor's § 549(a) action.

Application of the above legal principles to the facts of this case yields the following rule of decision for debtor's § 549(a) action: debtor may avoid a particular transfer only if it occurred on or after March 5, 2004, and prior to March 16, 2005. March 5, 2004, is the date on which debtor filed his bankruptcy petition and all of his interests in property became property of the bankruptcy estate. March 16, 2005, the thirty-first day after the § 341 meeting was held, is the date on which the interests in which debtor claimed exemptions once again became property of the debtor.

The notice of federal tax lien filed on January 13, 2006, listed three assessments for unpaid taxes totaling $1,081.88. Two of the assessments were made on February 2, 2004. The third assessment, in the amount of $287.71, was made on April 5, 2004.

With respect to the assessments made on February 2, 2004, the resulting liens arose *before* the petition date. It follows from this that: (1) the interest in property that was transferred at that time was not yet property of the bankruptcy estate; and (2) the transfers were made *pre*-petition rather than post-petition. Requirements (2) and (3) of § 549(a), in other words, are not satisfied.

As for the third of the assessment, the resulting lien and transfer arose *after* the petition date but *before* the exemption debtor had taken in his interest in the marital residence was allowed on March 16, 2005. Requirements (2) and (3) of § 549(a) are satisfied. Debtor therefore may avoid this transfer in the amount of $287.61 pursuant to § 549(a).

The first of the notices of federal tax liens IRS filed on February 13, 2006, was comprised of fifteen assessments totaling $96,014.91. Twelve of the fifteen assessments were made *before* the petition date. It follows with respect to these twelve assessments that: (1) what was transferred was not yet property of the bankruptcy estate when the transfers occurred; and (2) the transfers of the property did not occur post-petition. Requirements (2) and (3) of § 549(a), in other words, are not satisfied. Debtor cannot avoid these thirteen transfers.

The outcome is different with respect to the three other assessments listed on the first of the notices filed on February 13, 2006. One of the assessments, in the amount of $11,743.75, was made on March 15, 2004. The second assessment, in the amount of $647.12, was made on September 6, 2004. The third assessment, in the amount of $447.73, was made on October 14, 2004. Together these assessments

total $12,838.60 ($11,743.75 + $ 647.12 + $447.73 = $12,838.60). Requirements (2) and (3) of § 549(a) are satisfied. All three assessments and resulting transfers were made *after* the petition date and while debtor's interest in the marital residence was still property of the bankruptcy estate.

The second of the notices of federal tax lien filed on February 13, 2006, was comprised of one assessment in the amount of $1,640.21 that was made on April 4, 2005. By the same reasoning that was employed with respect to the two assessments listed on the first notice of federal tax lien filed on February 13, 2006, it follows that the transfer occurred *after* the petition date but while the property was still property of the bankruptcy estate. Requirements (2) and (3) are satisfied and consequently debtor may avoid the transfer.

We conclude in light of the foregoing that under § 549(a), debtor may avoid five transfers totaling $14,766.52 ($287.71 + $12,838.60 + $1,640.21 = $14,766.52) which arose from assessments listed on the two notices of federal tax liens IRS filed on February 13, 2006. All remaining transfers cannot be avoided.

### *§ 362(a)(4) and (5)*

Debtor alternatively asserts in the complaint that IRS violated the automatic stay when it filed the above notices of federal tax liens. He points in his trial brief to the following provisions of the Bankruptcy Code:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301 ... of this title ... operates as a stay, applicable to all entities, of -- ....
>> (4) any act to create, perfect or enforce any lien against property of the estate;

> (5) any act to create, perfect or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case....

11 U.S.C. § 362(a).

Subsection 362(a)(4) pertains to any act to perfect a lien against *property of the estate.* Subsection *362*(a)(5) pertains to any act to perfect a lien against *property of the debtor.* An act to perfect either sort of property violates the automatic stay.

The automatic stay serves more than one purpose. First, it gives a debtor in bankruptcy a breathing spell from creditors by stopping all collection efforts and harassment. It allows a debtor time to formulate a repayment plan or simply to obtain relief from the financial pressures that led to bankruptcy. *Maritime Electric Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir 1991). Second, the automatic stay protects creditors by preventing any one of them from acting unilaterally and out of self-interest to obtain payment from the debtor to the detriment of other creditors. 959 F.2d at 1204.

As a general matter, actions taken in violation of the automatic stay are void *ab initio*. Such action, however, may be retroactively "revitalized" by a bankruptcy court when circumstances warrant annulling the automatic stay. *In re Myers*, 491 F.3d 120, 128 (3d Cir 2007).[3]

---

[3] The Third Circuit had previously stated that actions taken in violation of the automatic stay that subsequently are annulled are voidable rather than void *ab initio*. *Constitution Bank v. Tubbs*, 68 F.3d 635, 692 n.6 (3d Cir. 1995). The void versus voidable nomenclature recently was characterized as "problematic". *In re Myers*, 491 F.3d 126, 127 (3d Cir. 1007).

-15-

A bankruptcy court may grant relief from the automatic stay by "terminating, annulling, modifying, or conditioning" the stay. 11 U.S.C. § 362(d). The above rule concerning retroactive relief of an action in violation of the automatic stay reflects "the most logical interpretation" of § 362(d) and other provision such as § 549(c), for example, which permit other types of retroactive relief. 491 F.3d at 127. Otherwise, the word "annulling" in § 362(d) would be superfluous. *In re Siciliano*, 13 F.3d 748, 751 (3d Cir 1994).

IRS asserts, without any meaningful elaboration, that it did not violate the automatic stay when it filed the above notices of federal tax liens on January 13, 2006, and February 13, 2006, respectively. It maintains that the automatic stay was no longer in effect when it filed the notices. IRS points to § 362(c) as support for its contention. It provides in relevant part as follows:

> (c) Except as provided in subsections (d), (e), (f) and (h) of this section ---
> 
> > (1) the stay of an act against property of the estate under subsection (a) continues until such property is no longer property of the estate;
> > (2) the stay of any other act under subsection (a) of this section continues until the earlier of –
> > > (A) the time the case is closed;
> > > (B) the time the case is dismissed; or
> > > (C) if the case is a case under chapter 7 of this title concerning an individual ..., the time a discharge is granted or denied.

11 U.S.C. § 362(c).

To paraphrase these provisions, the automatic stay remains in effect against *property of the estate* until the property no longer is property of the estate. For acts directed against *property of the debtor* the automatic stay remains in effect until the

Case 06-02694-BM   Doc 18   Filed 12/18/07   Entered 12/18/07 13:47:54   Desc Main
Document      Page 17 of 19

earliest of the closing of the case, dismissal of the case, or an individual chapter 7 debtor receives or is denied a discharge. *In re Mollo*, 196 Fed. Appx. 102, 104 (3d Cir 2006).

IRS' filing of the notices of federal tax liens on January 13, 2006, and February 13, 2006, respectively, constituted acts to perfect its tax liens for purposes of § 362(a)(4) and (5),.

A federal tax lien is enforceable against the taxpayer without regard to whether the IRS files a notice thereof. The filing neither creates nor confirms the underlying liability; it instead establishes the priority of the tax lien over liens of third-party creditors of the debtor. *Bourque v. U.S. (In re Bourque)*, 123 F.3d 705, 076-07 (2d Cir. 1997). The lien is not valid against third parties unless the IRS files proper notice thereof. 26 U.S.C. § 6323. A federal tax lien does not have priority *ipso facto* over other liens. Its priority is determined by the common-law rule that a lien that is first in time is first in right. *U.S. By and Through I.R.S. v. McDermott*, 507 U.S. 447, 450, 113 S.Ct. 1526, 1528, 123 L.Ed.2d 128 (1993).

The merits of debtor's assertion that the notices of federal tax liens IRS filed violated the automatic stay depends on whether at the time the notices were filed, debtor's interest in the marital residence was property of the bankruptcy estate or property of the debtor. If it was property of the estate at that time, § 362(c)(1) controls. If it was property of the debtor, § 362(c)(2) controls.

Debtor's interest in the marital residence was no longer property of the bankruptcy estate when IRS filed the above notices of federal tax liens on January

13, 2006, and February 13, 2006. Debtor's interest in the marital residence, we determined previously, ceased being property of the bankruptcy estate as of March 16, 2005, when no one objected to the exemption taken in the marital residence during the thirty-day period following the convening of the § 341 meeting. Subsection 362(c)(1), in other words, does not determine whether the filing of the notices violated the automatic stay. But what about § 362(c)(2)?

Debtor's interest in the marital residence reverted to being property of the debtor on March 16, 2005.

The date on which debtor received or was denied a discharge is the earliest of the various times set forth in § 362(c)(2) for determining when the automatic stay no longer was in effect with respect to property of the debtor. This bankruptcy case has not been dismissed and remains open to the present time.

Debtor received a discharge on April 19, 2005, at least nine months *before* IRS filed the above notices of federal tax liens. As a result, the automatic stay no longer was in effect with respect to debtor's property interest in the marital residence when IRS filed the notices of federal tax liens.

We conclude in light of these considerations that IRS violated neither § 362(a)(4) nor § 362(a)(5) when it filed the notices of tax liens.

An appropriate order shall issue.

_____
BERNARD MARKOVITZ
U.S. Bankruptcy Judge

Dated: December 18, 2007

FILED

DEC 18 2007

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| **MICHAEL W. OWENS, SR.,** | : | Bankruptcy No. 04-22875 BM |
| **Debtor** | : | Chapter 7 |
| ****************************** | | |
| **MICHAEL W. OWENS, SR.,** | : | |
| **Plaintiff** | : | |
| v. | : | Adversary No. 06-2694 BM |
| **UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE,** | : | Complaint To Avoid Tax Lien |
| **Defendant** | : | |

## ORDER OF COURT

**AND NOW**, at Pittsburgh this **18th** day of **December**, 2007, for reasons set forth in the accompanying memorandum opinion, it hereby is **ORDERED, ADJUDGED** and **DECREED** that debtor Michael Owens **MAY AVOID** pursuant to 11 U.S.C. § 549(a) federal tax liens of the United States, Internal Revenue Service totaling $14,766.52. The remaining tax liens are **NOT AVOIDABLE** in accordance with this provision. **NONE** of the notices of federal tax liens filed by United States, Internal Revenue Service were in violation of the automatic stay.

It is **SO ORDERED**.

_____
**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

cm: Parties in interest

**FILED**

**DEC 18 2007**

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA